(88 App. Div. 518.)

## KENT v. ÆTNA INS. CO.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

**1. PRACTICE — AMENDMENT OF PLEADING — AFFIDAVIT — SUFFICIENCY — WHEN AFFIDAVIT NECESSARY.**

An objection that the affidavit filed with a motion for leave to amend a complaint was made by the managing clerk of plaintiff's attorney, instead of having been made by plaintiff, is not well taken where the nature of the amendment is such that there is no laches of plaintiff to be excused, and hence, no affidavit required of him.

**2. SAME—SERVICE ON ADVERSE PARTY.**

It appeared that on the same day that application was made to the court for leave to amend the complaint plaintiff served on defendant's attorney the proposed amended complaint, with a notice that it was served, in accordance with the direction of the justice presiding in open court, on argument of the motion. Thereafter the motion was granted, the order having been entered October 5, 1903, containing a provision that it was made on an amended complaint served on defendant's attorney on September 21, 1903 (the date on which notice of the motion was returnable), in accordance with the direction made in open court, on the hearing of the motion, by the justice presiding. *Held*, that there was a sufficient compliance with the rule that, before an amendment of a pleading shall be allowed, the proposed amendment must be served on the adverse party.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Robert D. Kent against the Ætna Insurance Company. From an order granting leave to serve a second amended complaint, defendant appeals. Affirmed.

See 82 N. Y. Supp. 817.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Ernest A. Cardozo, for appellant.
Sidney Ossoski, for respondent.

INGRAHAM, J. This action was commenced on January 6, 1903. A demurrer on the ground of a defect of parties was interposed by the defendant. That demurrer was sustained by the Special Term, but on appeal to this court the decision was reversed, and the demurrer overruled, with leave to the defendant to withdraw its demurrer and answer. 82 N. Y. Supp. 817. Subsequently the defendant interposed an answer, whereupon the plaintiff, on the 12th of August, 1903, served an amended complaint. The defendant demurred to this amended complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action, the objection being that there was a failure to allege performance by the plaintiff, the allegation being that the plaintiff had duly performed all the conditions of the said policy on his part excepting the conditions the performance of which the defendant had waived. The plaintiff thereupon made this motion, which was granted, for leave to serve an amended complaint striking out from this allegation the words "excepting the conditions the performance of which the defendant has waived," so as to allege that the plaintiff had duly

performed all of the conditions of said policy on his part to be performed. The defendant appealed from this order, the principal objection being that the affidavit upon which the amendment was allowed was made by the managing clerk of the plaintiff's attorney, and not by the party.

If the defendant's demurrer had been sustained, it is quite clear that the plaintiff would have been allowed to amend by making this defective allegation certain, instead of in the alternative, and this motion at Special Term but granted the plaintiff the same right that the court would have granted him if the demurrer interposed by the defendant had been sustained. The nature of the amendment was such that there was no laches of the plaintiff to be excused, and his affidavit was not necessary to explain or excuse the insertion in the complaint of this allegation, which by the amendment is sought to be stricken out. The affidavit upon which the amendment is asked was made by the attorney who drew and verified the complaint, who states that this clause in the complaint, "excepting conditions the performance of which defendant has waived," was introduced by deponent out of caution, although he was informed by the plaintiff that none of the conditions of the policy on his part to be performed had been broken by the plaintiff; and it was this inadvertence of the attorney who drew the complaint that was sought to be corrected, not an inadvertence or mistake of the party, in which case an affidavit of the party is required. The rule that an affidavit of an attorney will not be received to prove facts which are necessarily within the knowledge of his client, or to excuse a default or neglect on the part of the client, has no relation to a case where the inadvertence or neglect which the party seeks to excuse is that of the attorney, and not of the client; for in such a case it is apparent that it is the affidavit of the attorney through whose fault or neglect the mistake has occurred that is material, and the affidavit of the party can add nothing to be considered in determining whether or not neglect or mistake of the attorney should be excused.

The objection is also taken that the amended complaint was not a part of the motion papers upon which the application was made, but was served by leave of the court after the application was heard. It would appear that this notice of motion was returnable on the 21st of September, 1903. In answer to the application an affidavit of one of the defendant's attorneys was submitted, taking the objection that the affidavit was made by the attorney, and not by the client, and that, taking into consideration the various motions that have been made, and the payment by the defendant of the costs upon the demurrer unsuccessfully interposed, if the court should decide to grant the motion, the defendant should be allowed to recover, for all the unnecessary trouble and expense to which it had been put, the amount of the costs originally paid to the plaintiff. Upon the same day that this application was made to the court the plaintiff served upon the defendant's attorney the proposed amended complaint, with a notice that it was served in accordance with the direction of the justice presiding in open court at Special Term upon the argument of the motion; and thereafter the motion was granted, the

order having been entered on the 5th of October, and containing a provision that it was made upon the amended complaint served upon the defendant's attorney on the 21st day of September, 1903, in accordance with the direction made in open court upon the hearing of the aforesaid motion by the justice presiding. We think that this was a substantial compliance with the rule that, before an amendment of a pleading should be allowed, the proposed amended pleading should be served upon the adverse party. The preferred amended pleading having been served on the adverse party, and being before the court wherein the motion was decided, there could be no object except to multiply motions in sending it back to the Special Term to be disposed of on the same papers. The specific objection taken at the Special Term to the granting of the motion was that the affidavit upon which the motion was made was by the attorney, and not by the party. This, as we have seen, was properly overruled by the court. The court then directed that the proposed amended complaint be served upon the attorney for the defendant, and such proposed amended complaint was served and submitted to the court, and upon it the order allowing the amendment was made. The amended pleading was before the court. The amendment was merely striking from the pleading a clause which might render it demurrable, and the costs imposed as a condition of the amendment were certainly all that justice required the plaintiff to pay. The fact that the defendant had been compelled to pay costs for the interposition of a demurrer which was unjustified imposed no obligation upon the plaintiff to repay to the defendant such costs as a condition for making an amendment which has no relation to the demurrer.

Upon the whole case we think the order was proper, and it should be affirmed, with $10 costs and disbursements.

PATTERSON, HATCH, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. The proposed amended pleading should have been served as part of the motion papers. It has been so held many times by this court. It now holds that such service is not necessary. This had never before been the rule.